No. 16-1523

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**RAYMOND GRAY, BY CAROLYN GRAY, GUARDIAN OF THE PERSON AND PROPERTY OF RAYMOND GRAY; SHERI GRAY.**

**Plaintiffs - Appellants,**

and

**CAROLYN GRAY, Guardian of the Person and Property of Raymond Gray**

**Plaintiff**

v.

**OFFICER WILLIAM SCOTT KERN, Individually and in his official capacity; MAJ. ERIC RUSSELL, Individually and in his official capacity; OFFICER EFREN EDWARDS, Individually and in his official capacity; COMMISSIONER ANTHONY BATTS, Individually and in his official capacity; BALTIMORE POLICE DEPARTMENT; MAYOR AND CITY COUNCIL OF BALTIMORE CITY**

**Defendants - Appellees.**

and

**BALTIMORE COUNTY, MD; BALTIMORE COUNTY POLICE DEPARTMENT/BALTIMORE COUNTY**

**Defendants**

Appeal from the Order of the U.S. District Court for the District of Maryland,
dated April 26, 2016
in Civil Action No. 1:13-cv-02270
(Honorable William M. Nickerson, Judge)

**REPLY BRIEF OF APPELLANTS**

Allan B. Rabineau, Esquire
401 East Pratt Street, Suite 2252
Baltimore, Maryland 21202
410-837-9150
allanbra@verizon.net

A. Dwight Pettit, Esquire
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
410-542-5400
adpettit@adwightpettit.com

*Counsel for Appellants*

# TABLE OF CONTENTS

**Page**


Table of Contents ........................................................................................ ii

Table of Cases and Authorities ..................................................................... iii

Argument

I. Summary of Reply…………………………………………………1

II. Officer Kern Committed A Seizure Under $4^{th}/14^{th}$ Amendments…….3

III. Raymond Gray Has Set Forth Sufficient Facts to Establish A Claim for Gross Negligence Against Officer Edwards……………….8

IV. Appellee's Arguments Are Fatally Flawed…………………………12

Conclusion .........................................................................................................17

Renewed Request for Oral Argument ...............................................................19

Certificate of Compliance ..................................................................................21

Certificate of Service .........................................................................................22

# TABLE OF CASES AND AUTHORITIES

**Cases** **Page**

*Boone v. Stallings*, 583 Fed. App'x. 174 (4th Cir. Sept. 11, 2014)………………... 9

*Brower v. Cty. of Inyo*, 489 U.S. 593 (1989)……………….………..3, 4, 5, 7, 19

*Cooper v. Rodriguez,* 118 A.3d 829, 443 Md. 680 (2015)………………. 3, 10, 11

*Espina v. Jackson*, 442 Md. 311, 112 A.3d 442 (2015)…………………………..13

*Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954 (4th Cir. 1996)…………...5

*First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968)………5

*Henry v. Purnell*, 652 F.3d 524 (4th Cir. 2011)…………………………… 3, 7, 19

*Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015)…..2, 6, 9, 15, 16, 19

*Jacome de Espina v. Prince George's Cty.*,
215 Md. App. 611, 82 A.3d 1240 (2013)………………………………..13

*Libertarian Party of Va.*, 718 F.3d 308 (4th Cir. 2013)……………………………6

*Melgar v. Greene*, 593 F.3d 348 (4th Cir. 2010)……………………………...3, 7

*Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978)……………………………...14

*Rucker v. Harford Cty.*, 946 F.2d 278, 280 (4th Cir. 1991)……………………..6, 7

*Schultz v. Braga*, 455 F.3d 470 (4th Cir. 2006)…………………………………….6

*Thacker v. City of Hyattsville*, 135 Md. App. 268, 762 A.2d 172 (2000)…………6

*Tolan v. Cotton*, 134 S. Ct. 1861 (2014)…………………………..2, 6, 9, 15, 16, 19

*United States v. Burnette*, 423 F. App'x 271, 273 (4th Cir. 2011)………………….9

**Cases (continued)** **Page**

*Vance v. Shearin*, ELH-14-272 (D.Md. Jan. 30, 2015)……………………………9

**STATUTES**

28 U.S.C. §1983……………………………………………………..……………..1

42 U.S.C. §1983…………………………………………………………………..14

"Klu Klux Klan Act of 1871," An Act to Enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for Other Purposes, Ch. 22, 17 Stat. 13 (Apr. 20, 1871)…………..…………...14

**RULES**

Federal Rule of Civil Procedure 8………………………………...……………..8

Federal Rule of Civil Procedure 56…………………………………......2, 8, 15, 19

Fed. R. App. Proc. 28(a)(7)…………………………………………………….10

Fed. R. App. Proc. 28.1(e) and 32……………………………………………...21

**MARYLAND AUTHORITIES**

MD. CODE ANN., CTS. & JUD. PROC. § 5-301 *et seq.* (West 2016)………………..12

MD. CODE ANN., STATE GOVERNMENT (SG) § 12-101 to 12-110…………………11

# REPLY ARGUMENT FOR REMAND

## I. SUMMARY OF REPLY.

On February 12, 2013, Raymond Gray was a 43-year old police officer trainee with the University of Maryland Police Force, who was assigned to the Baltimore Police Department for cadet training. (*See* App. 26-27, 103-108, 112-113, 195-202). That day the Plaintiff-Appellant, Mr. Raymond Gray, was waiting in a hallway for his afternoon training to begin, when Officer Kern, the officer in charge of the particular training exercise, decided to teach him a lesson about the right and wrong place to stand. Officer Kern pulled out his weapon and shot Raymond Gray through a doorway window. (App. 123-126, 138-139).

In self-exonerating testimony, Officer Kern claimed to have intended to use his training weapon to shoot non-lethal ammunition at Raymond Gray in order to move Mr. Gray and teach him a lesson concerning the right and wrong place to stand. (App. 123-126). The use of his service weapon was an accident, so Officer Kern claimed after shooting Raymond Gray. (*See* App. 138-140).

The defendants misconstrue the law to shield the summary judgment decision below that adopts Officer Kern's self-exonerating story to dismiss this civil action under 28 U.S.C. § 1983 and in other regards. The summary dismissal below improperly weighs Officer Kern's credibility, without the benefit of live testimony, and so usurps the function of the trier of fact; it adopts the shooter's

account of his motive in violation of Fed. R. of Civ. Proc. 56 and fundamental due process of law while construing facts and inferences to the benefit of the moving party, and thereby ends this civil case.

There is another way to look at Officer Kern's undisputed conduct. For instance, the onsite colleague, Officer Edwards, testified in deposition that Officer Kern had a workplace reputation for malice, for disrespecting authority and disrespecting trainees, and also for discrimination against black male trainees; each of which provides another explanation for Officer Kern's outrageous use of police authority and force on Feb. 12, 2013. (*See* App. 256-259, 274, 292-307). The trial court on summary judgment assessed credibility and adopted only the shooter's story, which is prejudicially improper and requires remand. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curium); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015).

Furthermore, assuming the shooter only meant to move Mr. Gray and teach him a lesson concerning the right and wrong place to stand, Officer Kern's intentional conduct constitutes a seizure under the Fourth and Fourteenth Amendments of the U.S. Constitution, and thus, is actionable through a Section 1983 claim. The decision below misconstrues the controlling precedent in dismissing this claim. Officer Kern did in fact make Gray the object of his intended seizure; his using more force than intended is of no legal relevance. *See*

*Melgar v. Greene*, 593 F.3d 348, 354-55 (4th Cir. 2010) ("a seizure occurs if police purposely detain a person but somehow use more force than intended."); *Henry v. Purnell*, 652 F.3d 524 (4th Cir. 2011) (same).

Lastly, the defendants raise a number of arguments in their response brief that will be addressed herein, or simply rebutted by reference to the Appellant's Brief, incorporated by reference in full. The Appellant cedes no argument and respectfully requests a remand of this civil action on several errors of procedure and law, any one of which justifies remand.

**II. OFFICER KERN COMMITTED A SEIZURE UNDER 4Th / 14Th AMENDMENTS.**

Officer Kern committed a seizure under the Fourth and Fourteenth Amendments because he made Raymond Gray a targeted object, to restrain Mr. Gray's freedom of movement and teach him a lesson about where not to stand. In intentionally doing so, Officer Kern shot Mr. Gray in the head with a live bullet. As the appellees concede in their response brief, moments before shooting Mr. Gray, Officer Kern "could see Mr. Gray and the other trainees milling about while they waited" through a "closed door [which] was wooden and had a window." Appellee's Response, at 3 (citing A123). As a result, Defendant Kern admits that he "shot Raymond Gray, yes" (A139 at l. 2). The District Court's decision dismissing Section 1983 claims also concluded that Kern shot at Gray (ECF 94 at

App. 57-58) ("Just as Officer Kern stated – and again, undisputed – purpose of shooting in the direction of Mr. Gray was to alert Mr. Gray of his presence in a 'fatal funnel'…").

The trial court below in this same memorandum opinion dismissing Mr. Gray's Section 1983 claims adopts Mr. Kern's self-serving testimony that the shot fired was accidental. According to the shooter, he intended only "to remind Mr. Gray and the surrounding trainees of the danger of a fatal funnel" (App. 56). As a result, reasoned the trial court, this shot was not "meant to restrain Mr. Gray" (App. 56), but rather it was a reminder. It was an accident as when the police create a roadblock and a fleeing suspect on his own accord loses control of a stolen car and crashes into it, as happened in *Brower v. Cty. of Inyo*, 489 U.S. 593 (1989), rather than a Fourth Amendment seizure (App. 55-56). This illogical conclusion requires one to analogize shooting a live weapon at a human being to be less like the restraint of one's freedom to move, and more like a hotel making a morning wake-up phone call, a reminder. The appellee's response adopts this exact position. Appellee's Response, at 3, 14-17. The Officer claims to have intended to use another weapon to accomplish the same end, and did accomplish that restraint of freedom, to a horrible degree.

As the District Court recounted, "[t]he bullet from his live weapon traveled through the glass window of the door and struck Mr. Gray in the head, causing

serious injury" (App. 31). Considering that Mr. Kern saw Mr. Gray in the window as appellees concede, and then shot Mr. Gray precisely through that same window in the "head," the trial court could not infer against the non-moving party that this was an accident, as a matter of law, if properly applying Fed. R. Civ. Proc. 56. Rather, Mr. Kern saw Mr. Gray, shot at Mr. Gray, and hit Mr. Gray. By conduct alone, Mr. Gray does not appear to be a bystander, but a target, not the subject of an accident, but the object of an intentional shooting. *See Brower*, 489 U.S. at 597 ("The pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit, and though he was in fact stopped, he was stopped by a different means. . . . If, instead of that, the police cruiser had pulled alongside the fleeing car and sideswiped it, producing the crash, then the termination of the suspect's freedom of movement would have been a seizure."). Officer Kern's self-serving testimony, if credible (an improper determination on summary judgment), creates a genuine dispute over whether he intended to shoot at the door generally, or directly through the window at Raymond Gray, a dispute of material fact that requires a trial.[1]

---

[1] The Fourth Circuit reviews the trial court dismissal upon summary judgment *de novo*. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996). It is well-established that where there exists sufficient evidence supporting a claimed factual dispute, differing versions of the truth must be resolved at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968).

In evaluating the evidence, all facts and reasonable inferences therefrom must be construed in favor of the non-moving party. *Libertarian Party of Va.*, 718 F.3d 308, 312 (4th Cir. 2013); *Schultz v. Braga*, 455 F.3d 470, 472 (4th Cir. 2006). Even if a trier of fact would eventually believe Mr. Kern about his intent that deadly day, this motive analysis is improper on summary judgment because it is highly subjective and requires assessing of credibility at trial. *Thacker v. City of Hyattsville*, 135 Md. App. 268, 762 A.2d 172, 189-190 (2000). This error requires remand. *See id.* Overall, the trial court impermissibly adopted one side's story for summary dismissal of this case, which requires remand. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015).

The appellees rely strongly on *Rucker v. Harford Cty.*, 946 F.2d 278, 280 (4th Cir. 1991), which involves a police officer who shot at a fleeing motorist's vehicle tires. While doing so, the officer accidently hit someone else not in the car. This was held not to be a seizure because the bystander was not the targeted object. It also is factually inapposite. However, it furthers the necessity for remand here. It illustrates the difference in Officer Kern's marksmen-like targeting of Raymond Gray through a door window—his conduct in fact—compared to a police officer shooting at a car in public and accidently hitting someone nearby. When an officer targets someone, he intends to seize them. 946 F.2d at 281. The only possible

difference maker in the decision below is the trial court's impermissible choice to believe and adopt Officer Kern's story.

As the Fourth Circuit stated in *Rucker*: "The fourth amendment claim is directly foreclosed by *Brower v. County of Inyo*, which held that one is 'seized' within the fourth amendment's meaning only when one is the intended object of a physical restraint by an agent of the state." As the Supreme Court stated in *Brower*: "We think it enough for a seizure that a person be stopped by the very instrumentality set in motion or put in place in order to achieve that result. It was enough here, therefore, that, according to the allegations of the complaint, Brower was meant to be stopped by the physical obstacle of the roadblock -- and that he was so stopped." 489 U.S. at 599.

Here, Officer Kern set a weapon in motion to move Mr. Gray away from the door window, constituting a seizure, because Mr. Gray was "stopped by the very instrumentality set in motion or put in place in order to achieve that result." *See id.*; *accord Henry v. Purnell*, 652 F.3d 524 (4th Cir. 2011) (holding that where an officer intends to use a stun-gun on a target object, but shoots that target object with a live service weapon, seizure by that same live service weapon has occurred); *Melgar v. Greene*, 593 F.3d 348, 354-55 (4th Cir. 2010) ("a seizure occurs if police purposely detain a person but somehow use more force than intended.").

## III. RAYMOND GRAY HAS SET FORTH SUFFICIENT FACTS TO ESTABLISH A CLAIM OF GROSS NEGLIGENCE AGAINST OFFICER EDWARDS.

Plaintiff Raymond Gray also seeks to hold Officer Edwards accountable under a gross negligence theory, while construing facts in the alternative pursuant to Fed. R. of Civ. Proc. 8 & 56. This civil action below was decided upon summary judgment, not at trial. It concerns facts not easily resolved to one unified explanation. (*See* ECF 94, at 31-41, at App. 56-66). Raymond Gray has stated a viable, alternative claim for gross negligence liability against Officer Edwards, because according to Officer Kern's testimony, Officer Edwards acquiesced in Officer Kern's carrying his live weapon into training. (*See* App. 114, 167). Officer Edwards was the senior officer on site. (*See* App. 152 l. 7-10). Edwards selected the site of the training, and thus acted as the controlling officer with controlling responsibility; furthermore, Mr. Kern had never been a senior officer before. (*See*. 153-154). The ruling below, in fact, preserved the gross negligence count against Officer Kern because it was gross negligence to even carry a live service weapon during police cadet training. (ECF 94 at App. 56-57). Likewise, Officer Edwards is grossly negligent for having allowed it.

Without a doubt, the trial court below relied on Officer Kern's testimony that his shooting toward Raymond Gray was random, and thus, not a Fourth and

Fourteenth Amendment seizure, as just discussed. (ECF 94 at App. 57-58) ("Just as Officer Kern stated – and again, undisputed – purpose of a shooting in the direction of Mr. Gray was to alert Mr. Gray of his presence in a 'fatal funnel'…"). Yet, the same decision is surprisingly accompanied by rejection of testimony by Officer Kern that Officer Edwards approved of and allowed him to carry a live service weapon into training. But for this gross negligence by Officer Edwards, Raymond Gray would not have been injured because the training would have been suspended or Officer Kern disarmed. The trial court not only assessed credibility on summary judgment, but picked what part of the moving party's evidence to believe. As a result, the trial court's decision must be remanded as a violation of civil procedure. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015).[2]

The appellees inconsistently claim that this argument was not raised in the Appellant brief and thus waived, Appellee's Response, at 30, yet address it three pages later. *Id.* at p. 33. In arguing for waiver, the Appellee's cite an unpublished opinion of the Fourth Circuit concerning the appeal of a long criminal sentence. *Id.* at 30 (citing *United States v. Burnette*, 423 F. App'x 271, 273 (4th Cir. 2011)). The unpublished opinion finds waiver where the appellant was "failing to develop

---

[2] "Generally, in the face of conflicting evidence, such as competing affidavits, summary judgment is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility." *Vance v. Shearin*, No. ELH-14-272. (D. Md. Jan. 30, 2015) (citing *Boone v. Stallings*, 583 Fed. App'x. 174, (4th Cir. Sept. 11, 2014) (per curiam).

his argument in his opening brief." It does not detail the nature of this inadequate "opening brief," but the decision does cite to a published precedent where waiver was found due to a brief's "conclusory single sentence." *Id.* Here, the opening brief devotes two pages to the gross negligence claims of the Plaintiff-Appellant against Officer Edwards. This is sufficient and not waived. *See* Appellant's Brief at 29-30.

These two pages satisfy the Appellant's burden to present argument with concision, not at length. *See* Fed. R. of App. Proc. 28(a)(7). Appellee's had notice of the argument, by proof of their response. Appellee's Response, at 33. They cannot claim prejudice.

In Maryland, gross negligence is akin to failure to perform a "manifest duty in reckless disregard" of the effect on others. *Cooper v. Rodriguez*, 443 Md. 680, 708-09, 118 A.3d 829, 845-46 (2015). Gross negligence is "more akin to reckless conduct; gross negligence is an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Id.*

In *Cooper*, the Maryland Court of Appeals held that where a correctional officer on the bus transport noticed one prisoner menacing another, and was alerted by sounds and movements that this menacing prisoner might be attacking another

prisoner, he had a duty to investigate. In *Cooper*, the correctional officer could not see the activity but still was grossly negligent in ignoring several warning signs. This gross negligence resulted in a murder on the prison transport. 443 Md. 680, 118 A.3d 829. This gross negligence waived common law public official immunity and permitted suit against the grossly negligent correctional officer. *Id.*

The Appellee's argument misconstrues the significance of the *Cooper* case by assuming it applies exclusively to the Maryland Tort Claims Act ("MTCA"), Md. Code Ann., State Gov't (SG) §§12-101 to 12-110. Rather, gross negligence destroys common law immunity of government actors in Maryland and permits individual suits against them.

Here, Officer Edwards agreed to permit Officer Kern to carry his service weapon, despite this being against police procedure and safety training. This tacit acceptance may not have constituted aiding and abetting Officer Kern, but it was grossly negligent to agree to it at the reckless expense of cadets' safety. The trial court below found Officer Kern's conduct grossly negligent. It held that carrying a service weapon on his person during training was "reckless, wanton, thoughtless" (App. 57). The trial court then held, inconsistently, that Officer Edwards tacit agreement to this reckless conduct "at best, would constitute negligence" (App. 63-64). This decision picks and chooses facts, presents fatally flawed illogical

conclusions, and requires remand concerning gross negligence liability against Officer Edwards.

## IV. APPELLEE'S ARGUMENTS ARE FATALLY FLAWED.

The trial court below in dismissing several of Raymond Gray's claims against the shooting police officer relied upon Officer Kern's testimony, assessed the credibility of it based on transcripts and without benefit of a live hearing, and dismissed this case through summary procedure. These corrupting threads run throughout the entire distorted tapestry of the decision below. While the appellees argue, for instance, that the decision below is correct at finding lack of evidence of malice by Officer Kern for trial, they omit that there is no evidence relied upon for this finding except that of the shooting officer's self-serving, self-exonerating testimony. *See* Appellee's Response, at 45-46. In other words, in deciding to dismiss by summary judgment the Court improperly viewed Kern's testimony as the only evidence of motive. Yet contrary evidence existed in his conduct. [3]

---

[3] Officer Kern's conduct this day was deceptive and this leads to inferences of ill will and improper motivation, which is the definition of actual malice under the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc, Section 5-301, *et. seq.* Officer Kern deceived his colleague, Officer Edwards, to accomplish possessing a live weapon on him, according to Officer Edwards. He lied twice to Officer Edwards about having conducted a "weapons check," which meant securing his live weapon and unloaded live bullets separately as well as securely away from training. (App. 256-259). After the shooting, Officer Kern also refused to explain himself. He hushed up. (App. 274). Officer Edwards testified at deposition that in his entire career years of police training he had never once carried his weapon on his person during training. If he had known that Officer Kern had a live weapon on his person, Officer Edwards would have shut the entire training down. (App. 249-250). In the context of police procedure, Officer Kern's deceptive conduct was outrageously in violation of norms. A jury could infer ill motive and malice as the reason for his 'mistake.'

As discussed in this reply and conceded by the Appellee's response brief, Officer Kern saw cadet Gray in a door window when he decided to teach him and other cadets about where to stand, and where not to stand. Officer Kern then shot at the door window and hit Cadet Gray in the head through it. This eerily precise marksmanship is only disputed by the same officer's testimony seeking to avoid criminal and civil punishment by characterizing his act as a vague and random shooting at the door. What an amazing coincidence, then, that Officer Kern shot at the only individual that he says he noticed. This summary procedure dismissal relied on a highly improper credibility assessment and taking of sides.

Malice can be inferred from conduct. In *Espina v. Jackson*, 442 Md. 311, 112 A.3d 442 (2015), the Maryland Court of Appeals upheld a jury finding of malice by a police officer who chased, beat, and then shot a seemingly innocent man senseless. The man died. This conduct is even more chillingly described in the Court of Special Appeals decision below. *See Jacome de Espina v. Prince George's Cty.*, 215 Md. App. 611, 82 A.3d 1240 (2013). The officer never admitted to intent; his motive was never quite explained. Officer Kern's conduct, likewise, is a form of motive evidence, and it was never considered by a jury as in *Espina*. For the trial court below to substitute its judgment for what motivated this officer is improper, and sought to fill in the gaps where the gap cannot be so filled.

This conduct alone is compelling evidence of malice, as in *Espina*, and requires remand. *See id.*

The Appellees oddly argue that there is no dispute of material fact that Officer Kern's use of his live service weapon was unintentional. *See* Appellee's Response, at 20-23. Again, the only evidence that his service weapon was used unintentionally is the shooting officer's own subjective account, provided after the fact, in face of civil and criminal liability. His mistake, if such, is also irrelevant under a Constitutional seizure analysis as has been discussed. More absurdly, the Appellees argue that if Officer Kern did shoot Raymond Gray out of intentional racist malice, then this act would not be under "color of law" pursuant to 42 U.S.C. § 1983, the codification, in part, of the 1871 Klu Klux Klan Act.[4] *See* Appellee's Response, at 24-25. It is precisely such an unlawful act of malice committed under color of law that the 1871 Klu Klux Klan Act was designed and intended to punish. Officer Kern at all times acted as a police officer and exercised his authority over Raymond Gray under color of law as a police officer.

Lastly, the Appellees argue that the Fourth Circuit should affirm the trial court decision below that, if no seizure occurred, Raymond Gray suffered no deprivation of Constitutional rights under the substantive due process clause of the

[4] An Act to Enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for Other Purposes, Ch. 22, §1, 17 Stat. 13 (Apr. 20, 1871). The Act was codified in part at 42 U.S.C. §1983. See, *e.g., Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 665-95 (1978).

Fourteenth Amendment. *See* Appellee's Response, at 26-29. Raymond Gray has a cognizable liberty interest in living as a normal average person, something he will never do now (App. 97-102). To state Raymond Gray has not suffered a deprivation of his liberty and life interests, under substantive due process, in instances where specific Constitutional protections do not apply, defies our very due process interest in human life. The Court need not reach this question if it remands this matter on the misapplication of Fourth and Fourteenth Amendment seizure law, or in the alternative, due to the misapplication of procedural due process under Fed. R. of Civ. Proc. 56.

In *Tolan v. Cotton*, 134 S. Ct. 1861 (2014), the U.S. Supreme Court reversed a trial court's grant of summary judgment to police officers sued for using unconstitutional excessive force in shooting a young man (who turned out to be entirely innocent), because the trial court improperly weighed the evidence and credited the police account over the victim. In *Tolen*, the trial court ignored disputes of material fact and weighed evidence as well as credibility, in violation of Rule 56. Such a violation occurred here. More recently in *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015), the Fourth Circuit reversed and admonished a trial court's grant of summary judgment to a Defendant employer because the trial court improperly weighed credibility to adopt the narrative of the employer as a matter of law. Remand is required.

Notably during this litigation on September 8, 2015, Baltimore City publicly agreed to settle a potential lawsuit against Baltimore City Police Officers involved in the death of civilian Mr. Freddie Gray for 6.4 million dollars. Although no civil action was pending, it was alleged that Baltimore City Police Officers used excessive force against Mr. Gray in the course of arresting and detaining him. The City was swift to act and take financial liability for the Police Officers' conduct at 32 times the damages cap. Conversely, here, where Mr. Raymond Gray is not accused of committing any crime but was merely awaiting his opportunity to participate in a training exercise led by Officer Kern; and, where Mr. Raymond Gray has documented economic damages currently in excess of $800,000.00 and projected future economic loss in the excess of seven million dollars ($7,000,000.00) as a result of being shot in the head by Defendant Kern, the local government proposed to settle Mr. Raymond Gray's action for $200,000.00, citing the Local Government Tort Claims Act damages cap in its motion below. Raymond Gray is the other Freddie Gray, the one who has suffered a serious injustice.

The District Court improperly adopted the best-case scenario of the City's trial position in adopting Officer Kern's testimony as undisputed fact. This requires remand. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015).

## CONCLUSION

Appellants respectfully request that this Honorable Court:

(1) Reverse and vacate the District Court's grant of summary judgment to Defendant Kern (ECF 94) which dismissed Plaintiff's Section 1983 Constitutional claims; and reverse and vacate the grant of Summary Judgment and a Motion to Dismiss dismissing Plaintiff's claims of personal liability against Defendant Kern (ECF 94 & 112);

(2) Reverse and vacate the summary judgment dismissal (ECF 94) of claims against Defendants Officer Edwards and Major Russell; reverse and vacate the summary judgment dismissal (ECF 94) of claims of municipal and supervisory liability for lack of an underlining case; and further

(3) Reverse and vacate the final Order and judgment (ECF 116) dismissing all claims because of the submission of $200,000.00 in check deposit with the Court; and further

(4) Remand this case for such other and further proceedings consistent with this Honorable Court's ruling.

Respectfully submitted,

*/s/*
A. Dwight Pettit, Bar ID 01697

*[Signature Page Continued]*

A. Dwight Pettit, Bar ID 01697
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD 21201
(410) 542-5400
adpettit@adwightpettit.com

/s/
Allan B. Rabineau, Bar ID 01636
401 East Pratt Street, Suite 2252
Baltimore, MD 21202
(410) 837-9150
allanbra@verizon.net

*Attorneys for Plaintiffs*

## RENEWED REQUEST FOR ORAL ARGUMENT

Appellants respectfully request this Court grant oral argument. The matter before this Court clarifies an important aspect of Fourth Amendment seizure law in delineating the requirement of objective, and not subjective, "intent" element in a government agent's intent to restrict another person's freedom of movement, under *Brower v. Cty. of Inyo*, 489 U.S. 593 (1989); *Henry v. Purnell*, 652 F.3d 524 (4th Cir. 2011) (holding that a police officer who intends to use a stun gun but accidently shots a person has committed a Fourth Amendment seizure with his live service weapon), and other controlling Fourth Circuit case law. The clarification of what constitutes a seizure under the Fourth Amendment is of pressing public concern and interest.

Furthermore, Appellants respectfully request that this Court redress the improper civil procedure below, upon summary judgment, pursuant to Fed. R. of Civ. Proc. 56, that violated due process, as clarified by *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015). This due process error is of pressing public concern and interest, and oral argument thus is proper.

Respectfully submitted,

*/s/*

A. Dwight Pettit, Bar ID 01697

*[Signature Page Continued]*

Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD 21201
(410) 542-5400
adpettit@adwightpettit.com

*/s/*
Allan B. Rabineau, Bar ID 01636
401 East Pratt Street, Suite 2252
Baltimore, MD 21202
(410) 837-9150
allanbra@verizon.net

*Attorneys for Plaintiffs/Appellants*

*UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT*
*No. 16-1523*

*Raymond Gray v. Officer Kern, et al.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 28.1(e) and 32, the Appellant states as follows:

1. This reply brief has been prepared using fourteen-point, monospaced typeface, specifically Times New Roman, with the word processing program of Microsoft Word.

2. Exclusive of the corporate disclosure statement; table of contents; statement with respect to oral argument; any addendum containing statutes, rules or regulations; and the certificate of service, the brief contains 3,948 words which is less than the maximum permissible word count of 14,000.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or copy of the word print-out.

Dated: September 12, 2016

Respectfully submitted,

*/s/*

A. Dwight Pettit, Bar ID 01697
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD 21201
(410) 542-5400
adpettit@adwightpettit.com

*/s/*

Allan B. Rabineau, Bar ID 01636
401 East Pratt Street, Suite 2252
Baltimore, MD 21202
(410) 837-9150
allanbra@verizon.net

No. 16-1523

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**RAYMOND GRAY, BY CAROLYN GRAY, GUARDIAN OF THE PERSON AND PROPERTY OF RAYMOND GRAY; SHERI GRAY.**

**Plaintiffs - Appellants,**

and

**CAROLYN GRAY, Guardian of the Person and Property of Raymond Gray**

**Plaintiff**

v.

**OFFICER WILLIAM SCOTT KERN, Individually and in his official capacity; MAJ. ERIC RUSSELL, Individually and in his official capacity; OFFICER EFREN EDWARDS, Individually and in his official capacity; COMMISSIONER ANTHONY BATTS, Individually and in his official capacity; BALTIMORE POLICE DEPARTMENT; MAYOR AND CITY COUNCIL OF BALTIMORE CITY**

**Defendants - Appellees.**

and

**BALTIMORE COUNTY, MD; BALTIMORE COUNTY POLICE DEPARTMENT/BALTIMORE COUNTY**

**Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2016, I electronically filed the foregoing **Reply Brief of Appellants** with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the registered CM/ECF users in this case.

*/s/*
Allan B. Rabineau, Bar ID 01636